UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTONIO HUBBARD,

    Petitioner,

v.                                                     Case No. 6:13-cv-480-Orl-36GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 12).

**I.**     *Procedural History*

The State charged Petitioner by amended information with attempted first degree murder with a firearm, aggravated assault with a firearm, aggravated battery with a firearm, possession of a firearm by a convicted felon, aggravated battery with a

deadly weapon, domestic battery by strangulation, tampering with a witness to hinder communication to a law enforcement officer, possession of cocaine, and battery. Petitioner entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to the lesser included offense in count one of attempted second degree murder. On June 30, 2010, the trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of 240 months. Petitioner did not file a direct appeal.

On August 4, 2011, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850,[1] which the trial court denied by order dated October 8, 2012. Petitioner appealed the denial, and, on January 22, 2013, the state appellate court affirmed the denial *per curiam*. Petitioner file a motion for rehearing, which the state appellate court denied on March 8, 2013. The mandate issued on March 25, 2013. Petitioner filed the instant federal habeas petition on March 20, 2013.

## II.     *Petitioner's Habeas Petition is Untimely*

## A.     *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

---

[1]References to the filing date of pleadings by Petitioner *pro se* shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.   *Discussion of Petitioner's Case*

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered.  *See* Fla. R. App. P. 9.110(b).  Because the judgment of conviction was entered on June 30, 2010, the time for seeking a direct appeal expired on July 30, 2010.  Petitioner then had until July 30, 2011, absent any tolling, to file a federal habeas petition regarding such conviction.  As noted, Petitioner's federal habeas petition was filed on March 20, 2013.

The Court notes that Petitioner's Rule 3.850 motion was filed after the one-year period had expired, and, therefore, did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner has not pointed to any valid statutory ground for extending the deadline for filing his federal petition. Further, Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence. Accordingly, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations and is dismissed.

Any of Petitioner's allegations that attempt to excuse the failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Antonio Hubbard is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a


constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 27th day of June, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 6/27
Antonio Hubbard
Counsel of Record

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.